## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**HUAYANG SONNY CUI**                                    **CIVIL ACTION**

                                                        **No. 22-470**
**VERSUS**                                              **c/w 22-472**
                                                        **REF: ALL CASES**

**UNITED STATES OF AMERICA**                            **SECTION I**

### ORDER & REASONS

Before the Court are the government's motions[1] to dismiss the instant consolidated actions for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The motions were submitted on June 15, 2022. *Pro se* plaintiff, Huayang Sonny Cui ("Cui"), has filed no opposition. For the reasons that follow, the Court will grant the motions.

### I. BACKGROUND

The above-captioned consolidated actions arise out of two petitions for protection from abuse, filed by plaintiff in the Orleans Parish Civil District Court.[2] Plaintiff, an employee of the United States Veterans Administration, named two of his supervisors, Kenneth Jones ("Jones")[3] and Karen Slaton ("Slaton")[4] as defendants. Although the petitions are somewhat unclear, they generally allege "workplace harassment and mental abuse," and they seek to prohibit the defendants

---

[1] R. Doc. Nos. 5, 7.

[2] R. Doc. No. 1; R. Doc. No. 1 (Civil Action No. 22-472).

[3] R. Doc. No. 1-1, at 1 (Civil Action No. 22-472).

[4] R. Doc. No. 1-1, at 1.

from contacting plaintiff.[5] Plaintiff also requests that defendants pay for "costs of court in this matter," "attorney fees for [plaintiff's] upcoming lawsuit," and the "cost of medical / psychological care for [plaintiff]."[6]

Plaintiff alleges that both Slaton and Jones "disrespect[ed] [plaintiff's] doctor's medical order of no verbal or written contact," and "caused [plaintiff] to experience mental health problem[s]."[7] Additionally, he alleges that Jones "issued [him] a harassment reprimand with no just cause" in July 2021.[8] Plaintiff also alleges, among other things, that Slaton slandered and defamed him while Slaton served as his supervisor.[9]

The United States Attorney's Office for the Eastern District of Louisiana certified that both defendants were acting within the scope of their employment, and it substituted the United States as defendant in both actions.[10] The United States removed both actions to federal court, and the Court consolidated the actions.[11] The United States submits that dismissal is warranted because the Court lacks subject matter jurisdiction in these actions.[12]

---

[5] *Id.* at 4.

[6] *Id.* at 5.

[7] *Id.* at 3; R. Doc. No. 1-1, at 3 (No. 22-472).

[8] R. Doc. No. 1-1, at 5.

[9] R. Doc. No. 1-1, at 3 (No. 22-472).

[10] R. Doc. No. 1, at 2; R. Doc. No. 1, at 2  (Civil Action No. 22-472).

[11] R. Doc. No. 6.

[12] R. Doc. Nos. 5, 7.

## II. LAW AND ANALYSIS

### A. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012). Under Federal Rule of Civil Procedure 12(b)(1), "a claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *Id.* (citation omitted). Courts are to consider a Rule 12 (b)(1) jurisdictional argument before addressing any other arguments on the merits. *Id.* (citing *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001)).

A court may dismiss an action for lack of subject matter jurisdiction "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Spotts v. United States*, 613 F.3d 559, 565–66 (5th Cir. 2010) (quoting *St. Tammany Par., ex rel. Davis v. FEMA*, 556 F.3d 307, 315 (5th Cir. 2009)). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming*, 281 F.3d at 161.

Finally, "*sua sponte* dismissal is mandatory when a court discovers that it lacks subject-matter jurisdiction." *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) (citing Fed. R. Civ. P. 12(h)(3)). When a court determines that it does not have subject matter over an action, the action must be dismissed without prejudice. *Id.* at 498.

**B. Federal Employees' Compensation Act**

The government asserts that, insofar as plaintiff is asserting workplace injuries or other torts against the United States, such claims would fall within the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8102(a).[13] FECA "provid[es] coverage for personal injury sustained in the performance of [a federal] employee's duties." *Smith v. Nicholson*, 287 F. App'x 402, 403 (5th Cir. 2008) (citing 5 U.S.C. § 8102(a)). "For injuries within its coverage, FECA's remedy is exclusive of any other remedy, including the [Federal Tort Claims Act ("FTCA")]." *Beemer v. Holder*, 495 F. App'x 396, 398–99 (5th Cir. 2012) (quoting *White v. United States,* 143 F.3d 232, 234 (5th Cir. 1998)).

"FECA vests with the Secretary of Labor the power to 'administer, and decide all questions arising under [FECA],' and the Secretary's action in allowing or denying an award under FECA is final and conclusive and not subject to review by a court of law[.]" *White*, 143 F.3d at 234 (quoting 5 U.S.C. § 8145, then citing 5 U.S.C. § 8128(b)). "Because the Secretary has sole authority to administer FECA, the courts' jurisdiction in this area is limited to determining whether a 'substantial question' of coverage under FECA exists." *Smith*, 287 F. App'x at 403 (citing *White,* 143 F.3d at 234). If there is a "substantial question" as to whether FECA covers a plaintiff's claim, the plaintiff "cannot pursue a tort action unless he first obtains a determination from the Secretary that FECA does not apply." *Id.* (citing *Bennett v. Barnett,* 210 F.3d 272,

---

[13] R. Doc. No. 7-1, at 3.

277 (5th Cir. 2000); *Bailey v. United States*, 451 F.2d 963, 965 (5th Cir. 1971)).[14] "As a rule, there is a substantial question of coverage unless it is certain as a matter of law that the Secretary would find the claim outside the scope of FECA." *Id.* (citing *White*, 143 F.3d at 234; *Concordia v. United States Postal Service*, 581 F.2d 439, 442 (5th Cir. 1978)).

The government did not address whether there is a substantial question of coverage under FECA as to plaintiff's claims. In plaintiff's petitions, he does not allege any physical injury, but instead alleges that Slaton and Jones "caused [plaintiff] to experience mental health problem[s]"[15] and seeks reimbursement for the "cost of . . . psychological care."[16] The Fifth Circuit has indicated that there is a "substantial question" of FECA coverage for "'dignity torts' that [do] not result in physical injury," such as intentional infliction of emotional distress. *Bennett*, 210 F.3d at 277 n.7; *accord Brown v. United States*, 2002 WL 226333, at *4 (N.D. Tex. Feb. 13, 2002); *see also Spinelli v. Goss*, 446 F.3d 159, 160–61 (D.C. Cir. 2006) (noting the Secretary of Labor's determination that plaintiff's post-traumatic stress disorder was covered under FECA); *Gill v. United States*, 471 F.3d 204, 208–09 (1st Cir. 2006) (concluding that federal courts lack FTCA jurisdiction over emotional distress claims "because it is not certain the Secretary would find that FECA denies coverage for

---

[14] Ultimately, "[i]f the Secretary concludes that a claim *is* governed by FECA, the courts have no jurisdiction either to review that determination or to consider the underlying claim." *Smith*, 287 F. App'x at 403 (citing *Bennett*, 210 F.3d at 277; *Sw. Marine, Inc. v. Gizoni*, 502 U.S. 81, 90 (1992)).

[15] R. Doc. No. 1-1, at 3.

[16] *Id.* at 4, 5.

such claims" and collecting cases); *McDaniel v. United States*, 970 F.2d 194, 197 (6th Cir. 1992) (noting the Secretary of Labor's determination that plaintiff's "disabling emotional condition" was covered under FECA); *Burke v. United States*, 644 F. Supp. 566, 568 (E.D. La. 1986) (noting the Secretary of Labor's determination that plaintiff's emotional injuries were covered under FECA).

The foregoing precedent indicates that plaintiff's claims, insofar as they sound in tort, are covered by FECA. At the very least, it is not "certain as a matter of law that the Secretary would find the claim[s] outside the scope of FECA," and thus, there is a substantial question of coverage under FECA. *Smith*, 287 F. App'x at 403. Accordingly, plaintiff "cannot pursue a tort action unless he first obtains a determination from the Secretary that FECA does not apply." *Id.* Until the Secretary of Labor renders such a determination, the Court lacks jurisdiction over plaintiff's claims, insofar as they sound in tort. *See id.*[17]

## C. Title VII of the Civil Rights Act

The government further submits that plaintiff's allegations could also be viewed as employment discrimination claims.[18] "FECA does not bar federal employees from suing their employers under anti-discrimination laws." *Saunders v.*

---

[17] Neither of the parties have addressed whether libel and slander might fall within FECA coverage. If they do, the Court lacks jurisdiction to adjudicate such claims, which are reserved for determination by the Department of Labor. If they do not fall within FECA coverage, then the Court still lacks jurisdiction over the claims, because the FTCA expressly excludes libel and slander from its waiver of sovereign immunity. 28 U.S.C. § 2680(h).

[18] R. Doc. No. 7-1, at 5.

*Wilkie*, No. 19-11482, 2020 WL 6382888, at *6 (E.D. La. Oct. 30, 2020) (Vance, J.) (citing *Miller v. Bolger*, 802 F.2d 660, 667 (3d Cir. 1986)).

The government correctly notes that plaintiff must exhaust administrative remedies before seeking judicial relief from alleged discriminatory employment practices, pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e. Specifically, plaintiff "must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1); *accord Alabbassi v. Whitley*, 2022 WL 101975, at *2 (5th Cir. Jan. 11, 2022).

In attachments to plaintiff's petitions, he makes several references to "EEO,"[19] indicating that he may have engaged in the administrative process required under Title VII. However, the Court cannot conclude, from these passing references to "EEO" alone, that plaintiff has exhausted administrative remedies. Plaintiff has filed no opposition to the government's motions, and thus he has not established that he has exhausted administrative remedies.

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is not the appropriate vehicle for raising a lack of administrative exhaustion. As the Supreme Court recently held, the requirement of administrative exhaustion for Title VII claims is not jurisdictional and is instead a "mandatory claim-processing rule subject to forfeiture." *Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843, 1851 (2019); *accord Wiggins v. Golden Corral Corp.*, 802 F. App'x 812, 814 (5th Cir. 2020). Thus,

---

[19] *See, e.g.*, R. Doc. No. 1-1, at 26.

this issue is appropriately addressed under Rule 12(b)(6). *See, e.g.*, *Cotton v. Russell*, 830 F. App'x 145, 146 (5th Cir. 2020).

A district court may *sua sponte* dismiss a complaint for failure to state a claim, pursuant to Rule 12(b)(6), "as long as the procedure employed is fair." *Whatley v. Coffin*, 496 F. App'x 414, 415 (5th Cir. 2012) (quoting *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998)). The Fifth Circuit has "suggested that fairness in this context requires both notice of the court's intention and an opportunity to respond." *Id.* (quoting *Carroll v. Fort James Corp.,* 470 F.3d 1171, 1177 (5th Cir. 2006)). However, the Fifth Circuit has recognized an exception to this rule when the dismissal is without prejudice. *See, e.g.*, *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 n.1 (5th Cir. 2014) (citing *Bazrowx,* 136 F.3d at 1054). In light of the fact that the government raised the issue of administrative exhaustion in its motions to dismiss (albeit, styling the motions as pursuant to Rule 12(b)(1) rather than Rule 12(b)(6)), and because plaintiff filed no opposition to the motions, there is little reason not to dismiss plaintiff's Title VII claims without prejudice.

## D. Injunctive Relief

Finally, plaintiff also appears to seek general injunctive relief, insofar as he requests that the Court prohibit Jones and Slaton from contacting plaintiff at work.[20] Inexplicably, the government does not address whether the Court has subject matter jurisdiction over plaintiff's request for injunctive relief. However, the Court is

---

[20] R. Doc. No. 1-1, at 4.

required to examine the basis for its subject matter jurisdiction, and it must dismiss an action *sua sponte* if jurisdiction is lacking. *Carver*, 18 F.4th at 497.

Plaintiff requests that the Court restrain his supervisors from contacting him.[21] As a matter of sovereign immunity, "federal courts regularly dismiss removed state court petitions for restraining orders or peace orders filed by federal employees, based on alleged misconduct in the workplace, to restrain the conduct of a co-worker at a federal office" on sovereign immunity grounds. *Perkins v. Dennis*, 2017 WL 1194180, at *2 (D. Md. Mar. 30, 2017) (collecting cases). In *Hendy v. Bello*, 555 F. App'x 224 (4th Cir. 2014), the Fourth Circuit dismissed a petition for a peace order filed in state court by a postal worker seeking to restrain her supervisor from contacting her or going to their workplace. *Id.* at 225. The court dismissed the action on sovereign immunity grounds, reasoning that "prohibiting a federal employee from entering her federal workplace" would interfere with the "performance of a federal employee's duties" and "disturb the federal agency's internal functions." *Id.* at 226–27. *See also, e.g., Harris v. Weaver*, 2020 WL 601610, at *2 (E.D. Mo. Feb. 7, 2020) (restraining orders pertaining to stalking in a federal workplace are barred by sovereign immunity); *Young v. Frame*, No. 2019 WL 2437444, at *3 (E.D. Mo. June 11, 2019) (same); *Figueroa v. Baca*, 2018 WL 2041383, at *3 (C.D. Cal. Apr. 30, 2018) (same); *Sidler v. Snowden*, 2013 WL 1759579, at *2 (D. Md. Apr. 23, 2013) (same); *Richards v. Wallace*, 2009 WL 4884524, at *3 (D. Md. Dec. 10, 2009) (same).

---

[21] R. Doc. No. 1-1, at 4.

Sovereign immunity "is a jurisdictional issue that cannot be ignored, for a meritorious claim to that immunity deprives the court of subject matter jurisdiction of the action." *Jefferson v. La. Sup. Ct.*, 46 F. App'x 732, 732 (5th Cir. 2002). *See also Arce v. Louisiana*, No. 16-14003, 2017 WL 5619376, at *4 (E.D. La. Nov. 21, 2017) (Africk, J.) ("Sovereign immunity operates as 'a constitutional limitation on the federal judicial power.'" (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984))). Accordingly, the Court lacks subject matter jurisdiction with respect to plaintiff's request for injunctive relief.

### III. CONCLUSION

For the reasons stated herein,

**IT IS ORDERED** that the motions are **GRANTED** as unopposed.

**IT IS FURTHER ORDERED** that plaintiff's claims are **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana, July 8, 2022.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**